# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| THOMAS ALLEN MOORE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 13-CV-756-TCK-PJC |
| ROBERT PATTON, Director,[1] | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

On November 18, 2013, Petitioner, a state inmate appearing pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). He also paid in full the $5.00 filing fee (Dkt. # 2). In response to the petition, Respondent filed a motion to dismiss petition as second and successive (Dkt. # 5). Petitioner filed a response (Dkt. # 7) to the motion to dismiss. For the reasons discussed below, the Court finds this petition is a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. As a result, the Court lacks jurisdiction to consider the petition. Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice.

### *ANALYSIS*

In his petition, Petitioner challenges the constitutionality of his conviction and sentence entered in Tulsa County District Court, Case No. CF-2005-1592. See Dkt. # 1. Records provided by Respondent demonstrate that Petitioner previously filed another habeas corpus action in the

---

[1] Petitioner is currently in custody at Lawton Correctional Facility, a private prison in Lawton, Oklahoma. Therefore, the proper party respondent is Robert Patton, Director of the Oklahoma Department of Corrections. The Clerk shall note on the record the substitution of Robert Patton, Director, as party respondent in place of Edward Evans, Interim Director.

United States District Court for the Western District of Oklahoma, Case No. CIV-11-586-F, challenging the same conviction and sentence at issue in this case. See Dkt. # 6-1. In the prior habeas case, the Court dismissed the petition as untimely on June 30, 2011. See Dkt. # 6-2. Petitioner appealed the ruling to the Tenth Circuit Court of Appeals. In an Order filed September 30, 2011, in Case No. 11-6181, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 6-3.

In the petition filed in this case, Petitioner again challenges his conviction entered in Tulsa County District Court, Case No. CF-2005-1592, on the basis of "judicial prejudice," ineffective assistance of counsel, and a violation of due process. See Dkt. # 1. Because the record reflects that the United States District Court for the Western District of Oklahoma has previously determined the legality of Petitioner's detention on a prior application for a writ of habeas corpus, the petition filed in this case is Petitioner's second habeas petition and he was required to obtain authorization from the Tenth Circuit Court of Appeals before filing this petition. 28 U.S.C. § 2244(b)(3)(A); see also Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir. 2013). Petitioner does not allege and nothing in the record suggests that he obtained the necessary authorization prior to commencing this action. As a result, this Court lacks jurisdiction to consider Petitioner's second or successive filing. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." Cline, 531 F.3d at 1252. The court in Cline discussed factors to be considered in determining whether a transfer is in the interest of justice. See id.

2

Upon consideration of the appropriate factors, the Court finds that a transfer of this petition to the Tenth Circuit Court of Appeals for authorization under § 2244(b)(3) is not warranted. Petitioner's claims directly challenge the validity of his conviction for First Degree Robbery, entered in Tulsa County District Court, Case No. CF-2005-1592. The claims raised by Petitioner arose at the time of his guilty plea and conviction. As determined by the Western District, Petitioner's claims challenging the validity of his conviction are time barred. Nothing provided by Petitioner in this case suggests that he is entitled to tolling of the limitations period. Therefore, a transfer of this petition to the Tenth Circuit Court of Appeals is not in the interest of justice. Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice for lack of jurisdiction.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. The Clerk shall note the substitution of Robert Patton, Director, as party respondent in place of Edward Evans, Interim Director.
2. Respondent's motion to dismiss petition as second and successive (Dkt. # 5) is **granted**.
3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.
4. A certificate of appealability is **denied**.
5. A separate judgment shall be entered in this matter.

**DATED** this 17th day of June, 2014.

_Terence Kern_
**TERENCE KERN**
**United States District Judge**